IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE, | ) | CASE NO. 1:15-CV-2472 |
|     CORP., as Receiver for AmTrust | ) | |
|     Bank | ) | JUDGE DONALD C. NUGENT |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LMH FINANCIAL CORP., d/b/a CNN | ) | MEMORANDUM OPINION AND ORDER |
|     MORTGAGE, | ) | |
|         Defendant. | | |

This matter is before the Court upon a Notice of Motion and Motion to Transfer Venue filed by Defendant, LMH Financial Corporation, d/b/a CNN Mortgage (hereafter "LMH") under 28 U.S.C. §1404(a). (ECF #11).  Plaintiff, Federal Deposit Insurance Corporation, as Receiver for AmTrust Bank, (hereafter "FDIC"), filed its Opposition to the Motion to Transfer Venue, (ECF #16) and LMH filed its Reply (ECF #17).  These matters are fully briefed and ripe for review.

For the reasons more fully set forth herein, this Court DENIES Defendant's Motion to Transfer Venue (ECF #11).

## I.  Facts[1]

On December 2, 2015, Plaintiff FDIC filed a Complaint against Defendant LMH for allegedly breaching the terms of the Master Correspondent Loan Purchase Agreement (the

---

[1]  For the purposes of resolving Defendant's motion, the following factual allegations, derived from the Plaintiff's Complaint, are accepted as true, while any conclusions of law are not. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"Agreement") as it relates to four mortgage loans sold or transferred to AmTrust Bank.  (ECF #1, ¶¶1-2).  AmTrust and LMH entered into their Agreement in 2007, which set forth the terms and conditions relating to the parties' selling, purchasing or funding of mortgage loans in Ohio. *Id.* In 2009, the FDIC was appointed as Receiver for AmTrust Bank, and by operation of law, has standing to bring this suit. *Id*. at ¶¶8.   LMH is an Arizona corporation and mortgage broker with its principal place of business in Scottsdale, Arizona. *Id*. at ¶9.

The Agreement between AmTrust and LMH contains a forum-selection clause that provides as follows:

> "The parties hereby consent and submit themselves to the jurisdiction and venue in any State or Federal court located in the City of Cleveland, Ohio for purposes or any legal or equitable proceeding arising from, out of or in connection with this Agreement...[LMH] may commence an action related to or arising from the agreement in a location other than Cleveland, Ohio, only upon the written consent of [AmTrust] to do so, and without such consent [LMH] agrees that any such action should immediately by dismissed by the Court in which it is filed."

(ECF #11-2, ¶9.13).

Shortly after FDIC filed its lawsuit against LMH in this Court, LMH filed this Motion to Transfer, asking that the case be moved to the District of Arizona, Phoenix Division.  FDIC opposes the requested transfer.

## II.     Law and Analysis

United States Code §1404(a) states: "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).  The Sixth Circuit typically requires a district court to consider the private interests of the parties (i.e. the convenience to the parties and potential witnesses), as well as public-interest concerns (i.e. the "interests of justice") when

-2-

deciding whether transferring a case is appropriate. *See Siegfried v. Takeda Pharm. N. Am., Inc.*, 2011 WL 1430333, at *2 (N.D.Ohio Apr. 14, 2011)(*quoting Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

However, these considerations change when the parties have entered into a contract that contains a valid forum-selection clause. The Supreme Court has recently held:

> "when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum...[such] clause should be given controlling weight in all but the most exceptional cases...When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum...As a consequence, a district court may consider arguments about public-interest factors only."

*Atlantic Marine Constr. Co. v. U.S. Dist. Ct. For W. Dist. Of Tex.*, 134 S.Ct. 568, 581 (2013)(internal citations and quotation marks omitted).

In the case before this Court, the validity of the forum-selection clause within the 2007 Agreement is not being challenged. Rather, LMH argues that the forum-selection clause is "permissive," which merely "authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation." (ECF #11, p. 8, *quoting Braman v. Quizno's Franchise Co., LLC*, No. 5:07CV2001, 2008 WL 611607, at *6 (N.D. Ohio Feb. 20, 2008). FDIC then argues that transferring this case is appropriate because venue is proper in the District of Arizona, it would be more convenient for the parties and witnesses, and because the State of Arizona has a greater interest in this litigation than Ohio. (ECF #11, pp. 5-6).

LMH contends that another Judge in this District has "determined the very same forum clause" to be merely permissive and granted a change of venue. Specifically, LMH refers to the

-3-

case of *FDIC v. Nova Financial and Investment Corporation*,² wherein Judge Wells examined a forum-selection clause that indicated the parties' consent to the "jurisdiction and venue in any State or Federal court located in the City of Cleveland." *Id*. at *6.  Judge Wells found that this clause was merely permissive, and after weighing the private and public factors, granted a change of venue.

However, Defendant's reliance on the *Nova* case is misplaced, because the forum-selection clause in *Nova* was <u>not</u> the same as the clause in the Agreement at issue herein.  Aside from simply submitting to the jurisdiction of Cleveland, Ohio, the Agreement herein also required that if LMH wanted to file an action in a location other than Cleveland, Ohio, it could do so "<u>only</u> upon the written consent of [AmTrust] to do so, and without such consent [LMH] agrees that any such action should immediately be dismissed by the court."(ECF #11-2, ¶9.13)(emphasis added).  This requirement was not present in the clause reviewed in the *Nova* case and Defendant's argument to that effect is unpersuasive.

Interestingly, a different Judge within this District had the opportunity to review the same exact "requirement clause" found in the Agreement between FDIC and LMH and ruled against a transfer of venue.  In the cases of *FDIC v. Primelending*³ and *FDIC v. Apex Home Loans, Inc.*,⁴ Judge Gwin found that the requirement to obtain written consent before filing a lawsuit outside of Cleveland, Ohio made the forum-selection clause mandatory, not permissive.  In light of this finding, Judge Gwin held in both cases that since the Defendant agreed to the terms of the

---

²     No. 12CV2553, 2015 WL 2195062 (N.D.Ohio May 11, 2015).

³     No. 15CV2480, 2016 WL 1252652 (N.D.Ohio Mar. 31, 2016).

⁴     No. 15CV2484, 2016 WL 2763560 (N.D.Ohio May 13, 2016).

Agreement, and the forum-selection clause was valid, the Defendant waived its private-interest arguments and "may not now object to the forum it agreed to...on the basis of private inconvenience." *Primelending,* at *2. Judge Gwin also found that since the Agreements at issue had Ohio choice of law provisions, the public-interest factors weighed in favor of retaining the cases in Ohio. *Id.* at *3. Since these two cases examined the same exact language contained in the Agreement at issue herein, this Court is inclined to agree with Judge Gwin's findings.

Defendant does not substantively address the *Primelending* findings, but merely refers to the case in a footnote in its Reply Brief.[5] Defendant similarly does not address the prior written consent requirement within the parties' Agreement, except to suggest that it only applies when "commencing" a suit, and should not apply when transferring a suit. (*See* ECF #11, p.8). However, Defendant provides no legal support for this contention.

Finally, Defendant's argument that the findings of *Atlantic Marine* are "inapposite" to this case fail. *See* ECF #17, p. 5. The principle that a valid forum-selection clause should be given controlling weight does not change depending on whether a plaintiff or defendant moves for a change of venue. Similarly, the principle does not change whether the movant seeks to transfer the case into the contract's preselected forum or out of such forum. *See Primelending*, at *2. In fact, the principle applies even more strongly this case, where the Defendant seeks to transfer the case out of the Agreement's preselected forum. *Id.* Therefore, Defendant's arguments do not change the fact that the forum-selection clause within the Agreement is mandatory,

**III.    Conclusion**

---

[5]    See ECF #17, fn 2. The *Apex* ruling was issued after the briefing in this case.

Defendant has not met its burden of showing that transferring this case is appropriate under §1404(a), and therefore, this Court DENIES Defendant's Motion to Transfer (ECF #11).

IT IS SO ORDERED.

/c/ Donald C. Nugent  
JUDGE DONALD C. NUGENT  
United States District Judge

DATED: May 31, 2016